UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Sandra A. Pinkerton,

        Debtor.
_____/

Case No. 15-58698-PJS
Chapter 13
Hon. Phillip J. Shefferly

Sandra A. Pinkerton,

        Plaintiff,

v.

Adv. Pro. No. 16-4339-PJS

Credit Advocates Law Firm, LLC,

        Defendant.
_____/

**DEFAULT JUDGMENT**

The Plaintiff filed this complaint against the Defendant, Credit Advocates Law Firm LLC, on April 1, 2016, pursuant to Fed. R. Bankr. P. 7001(6) and 4007. Service was properly made pursuant to Fed. R. Bankr. P. 7004. The Defendant failed to answer the complaint or take other action permitted by law. On May 24, 2016, the clerk entered a default against the Defendant. On June 2, 2016, the Plaintiff filed an application for default judgment. The Court has determined to enter the default judgment, but in a reduced amount.

Count I of the complaint alleges breach of contract for debt consolidation services, in the amount of $8,234.52. Count II alleges common law conversion. The property allegedly converted is the $8,234.52 paid by the Plaintiff to the Defendant under the contract. Count III

asks for treble damages in the amount of $24,703.56, for conversion under Mich. Comp. Laws Ann. § 600.2919a. The complaint undisputably supports a finding that the Defendant breached the contract, but does not support a finding that the Defendant converted the money that the Plaintiff paid under the contract or a finding that the Plaintiff is entitled to treble damages.

Conversion is defined under Michigan common law as "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." Thoma v. Tracy Motor Sales, Inc., 104 N.W.2d 360, 362 (Mich. 1960). The complaint does not allege any distinct act of dominion wrongfully exerted by the Defendant, but instead explains how the Plaintiff willingly paid the Defendant for debt consolidation services, which ended up being worthless. That does not prove conversion. For the Court to hold otherwise would make every breach of contract case where funds were paid into a conversion case. That is not the law. The Plaintiff is not entitled to treble damages for conversion.

There is another reason why the Plaintiff is not entitled to the requested treble damages. The Plaintiff's bankruptcy schedules show that she disclosed a cause of action against the Defendant for $8,234.52, and claimed that amount exempt under 11 U.S.C. § 522(d). The Plaintiff cannot disclose and exempt only the lower amount and then receive a windfall for three times that amount while failing to alert the Court, the trustee and her creditors. Accordingly,

**IT IS HEREBY ORDERED AND ADJUDGED** that the Plaintiff's motion for default judgment is granted and Plaintiff, Sandra A. Pinkerton, is awarded a money judgment against the

Defendant, Credit Advocates Law Firm LLC, in the amount of $8,234.52, which shall accrue applicable judgment interest as of the date of this default judgment.

.

**Signed on June 15, 2016**

                                          **/s/ Phillip J. Shefferly**
                                          **Phillip J. Shefferly**
                                          **United States Bankruptcy Judge**